**SEALED**

JOHN W. HUBER, United States Attorney (#7226)
AARON B. CLARK, Assistant United States Attorney (#15404)
STEPHEN L. NELSON, Assistant United States Attorney (#9547)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: aaron.clark@usdoj.gov; stephen.nelson@usdoj.gov

FILED
U.S. DISTRICT COURT

2018 AUG 15 A 11: 59

DISTRICT OF UTAH

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM HEMMELGARN,<br>TYRELL JABBAR PERRY, and<br>CHRISTIAN SCOTT JIMERSON,<br><br>Defendants. | SUPERSEDING INDICTMENT<br>Case No. 1:18CR0069-RJS<br><br>VIOLATIONS:<br>Count 1: Title 21 U.S.C. §§ 841(a)(1) and 846 – Conspiracy to Distribute Controlled Substances;<br>Count 2: Title 21 U.S.C. § 841(a)(1) – Distribution of Cyclopropyl Fentanyl;<br>Count 3: Title 18 U.S.C. § 924(c) – Possession of a Firearm in Furtherance of a Drug Trafficking Offense;<br>Count 4: Title 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm |

The Grand Jury Charges:

## COUNT 1
**21 U.S.C. §§ 841(a)(1) and 846**
**[Conspiracy to Distribute Controlled Substances]**

Beginning at date unknown and continuing up to and including March 12, 2018, in the Northern Division of the District of Utah,

ADAM HEMMELGARN, TYRELL JABBAR PERRY, and CHRISTIAN SCOTT

JIMERSON,

defendants herein, did knowingly and intentionally conspire with each other and others known and unknown to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Furthermore the conspiracy resulted in death of J.R. and, in fact, involved cyclopropyl fentanyl, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812; all punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 2
**21 U.S.C. § 841(a)(1)**
**[Distribution of Cyclopropyl Fentanyl]**

On or about March 11, 2018, in the Northern Division of the District of Utah,

ADAM HEMMELGARN, TYRELL JABBAR PERRY and CHRISTIAN SCOTT

JIMERSON,

defendants herein, did knowingly and intentionally distribute a controlled substance; to wit, cyclopropyl fentanyl, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, resulting in the death of J.R.; and did aid and abet therein, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 3
18 U.S.C. § 924(c)(1)(A)
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about March 12, 2018, in the Northern Division of the District of Utah,

ADAM HEMMELGARN,

defendant herein, did knowingly possess a firearm in furtherance of drug trafficking

2

crimes, to wit: conspiracy to distribute controlled substances, a violation of 21 U.S.C. §§ 841(a)(1) and 846, as alleged in Count 1 of this Indictment, which Count is incorporated by reference herein; all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 4
### 18 U.S.C. § 922(g)(1)
### (Felon in Possession of a Firearm)

On or about March 12, 2018, in the Northern Division of the District of Utah,

ADAM HEMMELGARN,

defendant herein, having been convicted of a crime punishable by imprisonment for more than one year, did knowingly possess, in and affecting interstate commerce, a firearm; to wit:

- A Mossberg shotgun, model 590;
- A Jimenez Arms handgun, model J.A. 22;
- An Anderson Manufacture AR-15 rifle;
- A Winchester shotgun, model 1001;
- A Browning rifle, model 3006;
- An FN .308 rifle, model Special Police; and
- Associated ammunition;

all in violation of 18 U.S.C. § 922(g)(1).

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 841(a)(1) and 846, as set forth in this indictment, defendant ADAM HEMMELGARN shall forfeit any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the

result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including, but not limited to, the following property:

- A Mossberg shotgun, model 590;
- A Jimenez Arms handgun, model J.A. 22;
- An Anderson Manufacture AR-15 rifle;
- A Winchester shotgun, model 1001;
- A Browning rifle, model 3006;
- An FN .308 rifle, model Special Police; and
- Associated ammunition.

Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), upon conviction of any offense in violation of 18 U.S.C. §§ 922 and/or 924, as set forth in this indictment, the defendant shall forfeit to the United States of America any firearm or ammunition involved in or used in the commission of the offense, including, but not limited to:

- A Mossberg shotgun, model 590;
- A Jimenez Arms handgun, model J.A. 22;
- An Anderson Manufacture AR-15 rifle;
- A Winchester shotgun, model 1001;
- A Browning rifle, model 3006;
- An FN .308 rifle, model Special Police; and
- Associated ammunition.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-forfeitable property.

A TRUE BILL:

/s/
_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
AARON B. CLARK
Assistant United States Attorney