FILED
2020 SEP 22 PM 1:41
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM HEMMELGARN,<br><br>Defendant. | **ORDER DENYING MOTION TO RECONSIDER**<br><br>Case No. 1:18-cr-00069-3<br><br>Chief Judge Robert J. Shelby |

On August 21, 2020, the court issued an Order denying Defendant Adam Hemmelgarn's Motion for Compassionate Release.[1]  On September 2, 2020, Defendant filed a Motion to Reconsider, arguing the court should reconsider its August 21 Order.[2]  For the reasons explained below, Defendant's Motion is DENIED.

## BACKGROUND

Defendant pleaded guilty to one count of Conspiracy to Distribute Controlled Substances under 21 U.S.C. § 846.[3]  Defendant was sentenced to 128 months imprisonment and 36 months supervised release.[4]  Defendant is currently incarcerated at FCI Lompoc with a projected release date of September 17, 2027.[5]

On July 27, 2020, Defendant filed *pro se* a Motion for Compassionate Release.[6]  In his Motion, Defendant argued that extraordinary and compelling reasons existed that justified a

---

[1] Dkt. 251.

[2] Dkt. 256.

[3] Dkt. 126 at 1.

[4] Dkt. 126 at 2–7.

[5] Dkt. 245 at 3.

[6] Dkt. 239; dkt. 240.

1

sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[7]  Specifically, Defendant pointed to the spread of COVID-19 at FCI Lompoc and his preexisting health conditions, including mild asthma and a benign cyst on his lung.[8]  Defendant also explained that he contracted COVID-19 in May 2020 and now suffers from muscle aches, headaches, shortness of breath, anxiety, and post-traumatic stress.[9]  Pursuant to General Order 20-019, Federal Defender Nathan Phelps was added as counsel for Defendant.[10]

On August 21, 2020, the court issued an Order denying Defendant's Motion for Compassionate Release.[11]  The court concluded that Defendant had not "demonstrated the existence of 'extraordinary and compelling reasons' that would warrant a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i)."[12]  Specifically, the court found: (1) Defendant does not suffer from a medical condition that would place him at high risk of severe illness from COVID-19; (2) the evidence showed that Defendant was receiving treatment for his medical issues; and (3) there were no current active cases among inmates at FCI Lompoc.[13]  The court further explained that, "even if Defendant had demonstrated the existence of extraordinary and compelling reasons, the court's consideration of the factors set forth in 18 U.S.C. § 3553(a) shows a sentence reduction would not be warranted here."[14]

---

[7] Dkt. 240 at 1.

[8] Dkt. 240 at 1, 6; dkt. 245 at 4.

[9] Dkt. 240 at 1.

[10] Phelps was appointed as counsel after Defendant submitted his Motion for Compassionate Release *pro se*.

[11] Dkt. 251.

[12] Dkt. 251 at 3.

[13] Dkt. 251 at 3.

[14] Dkt. 251 at 3.

On September 2, 2020, Defendant filed *pro se* a Motion to Reconsider, asking the court to reconsider its August 21 Order.[15]  In his Motion, Defendant argues he was "abandon[ed] by counsel" and therefore the court did not have all the relevant facts when it ruled on his Motion for Compassionate Release.[16]  Generally speaking, Defendant's Motion presents additional information criticizing FCI Lompoc's COVID-19 response.[17]  Defendant argues it was counsel's responsibility to bring these issues to the court's attention and the failure to do so resulted in the wrongful denial of Defendant's Motion for Compassionate Release.[18]

## LEGAL STANDARD

Although not recognized by the Federal Rules of Criminal Procedure, the Tenth Circuit has held that "[m]otions to reconsider are proper in criminal cases."[19]  "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law."[20]  Specific grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[21]  A motion to reconsider, however, "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."[22]

---

[15] Dkt. 256.

[16] Dkt. 256 at 1.  Defendant's Motion contains copies of two emails sent from Defendant to Phelps on August 11, 2020, and August 13, 2020.  Dkt. 256-1.  In these emails, Defendant explains that he has information that he believes would be beneficial to his Motion for Compassionate Release and states that he would like to discuss it with Phelps.  Dkt. 256-1.  According to Defendant, Phelps did not respond to these emails.  Dkt. 256 at 1.

[17] *See* dkt. 256 at 2–4.

[18] Dkt. 256 at 4.

[19] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[20] *Id.*

[21] *Id.* (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[22] *Id.*

Additionally, because Defendant is proceeding *pro se*, the court will construe his filings liberally.[23]

## ANALYSIS

As an initial matter, Defendant's Motion does not identify an intervening change in controlling law or present new evidence that was unavailable at the time Defendant filed his Motion for Compassionate Release on July 27, 2020.[24]  Thus, the court liberally construes Defendant's Motion to argue the court must reconsider its August 21 Order to correct clear error or prevent manifest injustice.

At its core, Defendant's Motion asserts the court should reconsider its August 21 Order because the court—by virtue of counsel's failure to communicate with Defendant—was lacking certain information about Defendant's living conditions at FCI Lompoc.  That is, Defendant argues he could have—through counsel—presented the court with additional information concerning the living conditions at FCI Lompoc.  For example, Defendant cites to cases in which other courts have questioned the COVID-19 containment measures at FCI Lompoc.[25]

Having reviewed the Motion and the information contained therein, the court concludes the Motion must be denied.  Although Defendant's Motion presents additional information and context about Defendant's living conditions at FCI Lompoc, this additional information does not

---

[23] *See, e.g.*, *United States v. Hernandez*, 444 Fed. App'x 230, 231 n.1 (10th Cir. 2010) (unpublished).

[24] Defendant's Motion cites to a report from the Office of the Inspector General (OIG) and out-of-district cases that are not binding on this court.  *See* dkt. 256 at 2–4.  Further, the OIG Report and out-of-district cases all appear to have been published before July 27, 2020.  *See* dkt. 256 at 2–4.

[25] *See Torres v. Milusnic*, Case No.: CV-20-4450-CBM-PVC(x), 2020 WL 4197285 (C.D. Cal. July 14, 2020); *United States v. Pickard*, No. 2:11-cr-00449-KJM, 2020 U.S. Dist. Lexis 130578 (E.D. Cal. July 22, 2020). Defendant also argues the *Torres* court held the living conditions at FCI Lompoc constituted cruel and unusual punishment in violation of the Eighth Amendment.  Dkt. 256 at 1–2. But *Torres* involved a motion for preliminary injunction.  Thus, the *Torres* court was considering only whether plaintiffs had demonstrated a likelihood of success on the merits of their Eighth Amendment claim.  2020 WL 4197285, at *8.  And in any event, *Torres* is not binding precedent for this court.

materially change the court's analysis as reflected in its August 21 Order.  In other words, had Defendant been able to present this information through counsel, the court would have reached the same conclusion.

As explained above, the court found that Defendant did not suffer from any medical conditions that would place him at high risk of severe illness were he to contract COVID-19.[26] That finding remains true today.  Defendant's Motion does not present any new evidence suggesting Defendant suffers from a medical condition that would place him at high risk of severe illness.  Indeed, Defendant has already contracted and recovered from COVID-19.  Thus, the court concludes once again that no extraordinary or compelling reason exists that would warrant a reduction of Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i).[27]

Further, the court previously found that the factors set forth in 18 U.S.C. § 3553(a)— which the court is required to consider when evaluating a motion for compassionate release—did not weigh in favor of a sentence reduction here.[28]  Defendant's Motion does not address the § 3553(a) factors.  And nothing in Defendant's Motion alters the court's conclusion that the balance of the § 3553(a) factors weighs against a sentence reduction.

Because the court would have reached the same conclusion it reached in the August 21 Order—even if Defendant had presented additional information through counsel—Defendant's Motion must be denied.[29]

---

[26] Dkt. 251 at 3.

[27] Additionally, as of the date of this Order, FCI Lompoc is still reporting zero confirmed active COVID-19 cases among inmates.  *See* Federal Bureau of Prisons, *COVID-19: Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Sep. 22, 2020).

[28] Dkt. 251 at 3.  The § 3553(a) factors include, among other things, "the nature and circumstances of the offense" and "the need for the sentence imposed."  18 U.S.C. § 3553(a)(1)–(2).

[29] Defendant's Motion also requests that the court appoint new counsel to pursue compassionate release.  Dkt. 256 at 4.  But for the reasons explained above, Defendant is not eligible for release under § 3582(c)(1)(A)(i) under the facts of this case—regardless of whether he is represented by counsel.  Thus, the court declines Defendant's request.

## CONCLUSION

For the reasons explained above, Defendant's Motion[30] is DENIED.

**SO ORDERED** this 22nd day of September 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[30] Dkt. 256.

6